THE STATE EX REL. FRANK W. SCHAEFER, INC., APPELLANT,
*v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Frank W. Schaefer, Inc. v.
Indus. Comm.* (1998), 84 Ohio St.3d 248.]

(No. 96–816—Submitted October 12, 1998—Decided December 30, 1998.)

250

*Pickrel, Schaeffer & Ebeling Co., L.P.A., David C. Korte, C. Michelle Depew* and *Mary M. Biagioli,* for appellant.

*Betty D. Montgomery,* Attorney General, and *William J. McDonald,* Assistant Attorney General, for appellee Industrial Commission.

*Samuels & Northrop Co., L.P.A.,* and *Joseph M. Reidy,* for appellee claimant.

**Per Curiam.** The payment of compensation for asbestos-related death lies with the employer at which claimant experienced his/her "last injurious exposure." R.C. 4123.68(Y). FWS does not dispute that decedent was exposed to asbestos during his employment with FWS. It does, however, dispute that it was claimant's last injurious exposure. As such, FWS seeks to force the commission to reopen the death claim pursuant to the continuing jurisdiction provisions of R.C. 4123.52. FWS's position is unpersuasive.

R.C. 4123.52 relevantly provides:

"The jurisdiction of the Industrial Commission * * * over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified."

Continuing jurisdiction, however, is not unlimited. *State ex rel. B&C Machine Co. v. Indus. Comm.* (1992), 65 Ohio St.3d 538, 605 N.E.2d 372. It can be invoked only in certain enumerated situations, one of which is new and changed circumstances. *State ex rel. Cuyahoga Hts. Bd. of Edn. v. Johnston* (1979), 58 Ohio St.2d 132, 12 O.O.3d 128, 388 N.E.2d 1383. A derivative of this requirement is set forth in former Industrial Commission Resolution No. R93–9–1(B), now Resolution No. R94–1–6(2), which listed the following among the permissible grounds for exercising continuing jurisdiction:

"There exists newly discovered evidence which by due diligence could not have been discovered and filed by the appellant prior to the date of the hearing held under Section 4123.511(D) [of the Revised Code]. Newly discovered evidence shall be relevant to the issue on appeal but shall not be merely corroborative of evidence which was submitted prior to the date of hearing held under Section 4123.511(D)."

FWS asserts that decedent's business records are newly discovered evidence which could not have been discovered by due diligence. We disagree.

FWS does not dispute that it knew during the course of administrative proceedings that decedent kept self-employment records and that it did not request those records. Due diligence, at a minimum, required FWS to ask for the records. FWS responds that it did not request the records during administrative proceedings because widow-claimant "misrepresented" the records, stating that they were simply financial records. This defense fails. First, widow-claimant did not misrepresent the nature of the records. They *were* primarily financial records. Again, there was only minimal reference to anything regarding asbestos. Second, even if it had been a misrepresentation, it was FWS's decision to accept widow-claimant's description, rather than secure the records and see for itself. FWS's inaction, under these facts, precludes an assertion of undiscoverability and due diligence.

FWS also alludes to former Industrial Commission Resolution No. R93–9–1(C), which authorized continuing jurisdiction when substantial injustice would otherwise result. This suggestion also lacks merit. The singular reference to an asbestos encounter in the twenty years or so after claimant left FWS seems grossly inadequate to support a conclusion that decedent's last *injurious* exposure occurred during this period of self-employment. Therefore, there is nothing substantially unjust about leaving decedent's case closed and allowing continued

assessment against the employer at which decedent had his most recent significant exposure to asbestos.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.